[Civ. No. 18652.   Second Dist., Div. One.   Mar. 27, 1952.]

Estate of ANDREW T. JENKINS, Deceased. MINNIE B. JENKINS, Appellant, v. E. LLEWELLYN OVERHOLT, Respondent.

Edward S. Cooper for Appellant.

H. Melvin Swift, Jr., for Respondent.

DRAPEAU, J.—By petition the surviving widow of Andrew T. Jenkins, deceased, sought an order setting apart a parcel of alleged community property as a homestead for her use. The executor of decedent's last will filed objections on the ground that said parcel of real estate was the separate property of decedent and not community property, as alleged.

The court found that the realty was the separate property of decedent and that no homestead was selected during his lifetime, and ordered that said parcel be set aside for the use of the widow for a limited period, to wit: for the remainder of her life subject to the terms of the will and the widow's election to take her community interest in the estate against the terms of the will. The widow appeals.

It is here urged that the evidence is insufficient to support the order. This for the reasons that property acquired during marriage is presumed to be community property (Civ. Code, § 164) and that respondent objector did not sustain the burden of proof necessary to rebut that presumption.

The law with respect to this problem was pointed out by this court in *Estate of Trelut,* 26 Cal.App.2d 717, 723 [80 P.2d 147], as follows:

"The sufficiency of the evidence is generally a matter for the trial court or jury, and the findings or verdict will not be lightly set aside. Following the general rule, a finding of the trial court that property is either separate or community in character is binding and conclusive upon the appellate court, if it is supported by sufficient evidence, or if it is based on conflicting evidence or upon evidence that is subject to different inferences. (3 Cal.Jur.Supp. 573.) Further, a finding against a presumption is binding upon the appellate court (*Estate of Cronvall,* 220 Cal. 503 [31 P.2d 372]), unless the evidence to rebut it is so weak and improbable that the finding is without substantial support. (*Olson* v. *Cornwell,* 134 Cal. App. 419 [25 P.2d 879].) It is finally in each case a question of fact for the court or jury to determine whether the evidence is sufficient to overcome the presumption. The rule has been expressed as follows: 'If, upon an analysis of evidence of substantial character, in the light of established rules, the mind of the trial judge, exercising reasonable discrimination, is satisfied that the naked presumption in favor of community property has been outweighed, then the find-

ings of the trial court must prevail.' (3 Cal.Jur.Supp. 575, citing *Estate of Tompkins*, 123 Cal.App. 670 [11 P.2d 886].) The presumption in favor of community property is disputable and may be controverted by evidence 'even by an inference tending to prove the contrary intention'. (*Estate of Bryant*, 3 Cal.2d 58, 68 [43 P.2d 529].)''

In support of the community character of the realty here in controversy it was established that decedent and appellant had been married for over 60 years and that such realty was acquired during the marriage relation.

On the other hand there was testimony to the effect that at the time the parties were married in Pennsylvania, decedent owned a house. Later he inherited $10,000 from his father. This inheritance was kept in bonds. Decedent practiced law in Philadelphia, and in 1921, when he was around 60 years of age, he brought his family to Los Angeles. He rented desk space in respondent's law office for about 20 years, but was inactive in the practice of law. At first the family lived in a house on Trinity Street. This stood of record in decedent's name alone. Later they lived in a rented house on Cambridge. They were being evicted from this place and bought the house here in controversy. The purchase price was $12,000 cash. This money was derived from the sale of bonds. Two of these were dated in 1897 and 1902, respectively; others were United States Treasury bonds of 1941, 1943 and 1944. All of them stood in decedent's name alone; as did the safe deposit box where they were kept. This box also contained securities standing in the name of appellant, but none standing in the names of both.

The deed to the house ran to decedent as his sole and separate property. By his will of 1946, decedent declared that the property disposed of thereby was his sole and separate property and was derived from property acquired either before his marriage or before he came to California.

There is no evidence of the extent of decedent's earnings after he came to California. However, the presumption is that any such earnings were used for family expenses. (*Estate of Ades*, 81 Cal.App.2d 334, 338 [184 P.2d 1].)

Clearly the evidence is sufficient to overcome the presumption in favor of community property and to sustain the trial court's finding that the realty here in question was the separate property of decedent husband.

For the reasons stated, the order appealed from is affirmed.

White, P. J., and Doran, J., concurred.